Matter of Malachi B. (Tania H.) (2024 NY Slip Op 03534)

Matter of Malachi B. (Tania H.)

2024 NY Slip Op 03534

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Moulton, J.P., Friedman, Kapnick, Shulman, Michael, JJ. 

Docket No. L-41137/14 Appeal No. 2577 Case No. 2023-01452 

[*1]In the Matter of Malachi B., Appellant, A Child Under Twenty-One Years of Age, etc., Tania H., Nonparty Respondent, Administration for Children's Services, Petitioner-Respondent. Lawyers For Children, Inc., and The Children's Law Center, Amici Curiae.

Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Eva L. Jerome of counsel), for Administration for Children's Services, respondent.
Karen Freedman, Lawyers for Children's Inc., New York (Betsy Kramer of counsel), and, Liberty Aldrich, The Children's Law Center, Brooklyn (Louise Feld of counsel), for amici curiae.

Order, Family Court, New York County (Susan M. Doherty, Ref.), entered on or about January 31, 2023, which, to the extent appealed from as limited by the briefs, determined that pursuant to the New York State Family First Prevention Services Act (the Family First Act) Family Court lacked the decision-making authority to hold an evidentiary hearing, make specific findings, or approve an ongoing Qualified Residential Treatment Program (QRTP) placement at every permanency hearing, unanimously reversed, on the law, without costs, to the extent of declaring that Family Court has decision-making authority as to the appropriateness of the child's continued placement in a QRTP at every permanency hearing.
Although Malachi has already received his requested relief, his appeal, directed at the scope and authority of the Family Court to make findings related to a QRTP at every permanency hearing, raises a significant and novel issue that is likely to reoccur, yet evade review, and warrants an application of the mootness doctrine exception (see generally Matter of Hearst Corp. v Clyne , 50 NY2d 707, 714-715 [1980]).
We find that Family Court has the decision-making authority as to the appropriateness of the child's continued placement in a QRTP at every permanency hearing (see Family Ct Act §§ 1088[b], 1089[d][2][viii]). A contrary reading goes against the express purpose of the Family First Act, which is aimed at reducing the use of institutional group placements for children in foster care by limiting the length of time that they can spend there. The Family First Act, codified in New York State through amendments to the relevant provisions in the Family Court Act and Social Services Law, explicitly seeks to "ensure[] more foster children are placed with families by limiting federal reimbursement to only congregate care placements that are demonstrated to be the most appropriate for a child's needs, subject to ongoing judicial review " (HR Rep 114-628, 114th Cong, 2d Sess at 28). Furthermore, finding otherwise would lead to an absurd outcome where the court must review evidence about the continued necessity for a QRTP placement at each permanency hearing and simultaneously be powerless to exercise any level of oversight, even if there is proof that the placement is no longer appropriate. That the legislative landscape requires an assessment and court determination whenever a child simply moves between facilities, even if that move does not change the level of care, lends further support to the argument that the Legislature intended for the court to have ongoing oversight and review power in the QRTP context (see Family Ct Act § 1089[d]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024